1

2

3

4            **UNITED STATES DISTRICT COURT**

5           **SOUTHERN DISTRICT OF CALIFORNIA**

6

7    ALLEN LEE RODRIGUEZ,                    Civil No.      11-0518 WQH (CAB)
     CDCR #V-35218,
8
                                   Plaintiff,
9                                               **ORDER DENYING PLAINTIFF'S**
             vs.                                **MOTION FOR**
10                                              **RECONSIDERATION**

11   WILLIAM D. GORE, Sheriff;                  **[ECF No. 6]**
     SANFORD A. TOYEN, Legal Advisor;
12   THOMAS J. COOK, Sheriff;
     BRIAN CONWAY, Sheriff's Lieutenant,
13
                                   Defendants.
14

15

16   **I.    PROCEDURAL HISTORY**

17           On March 15, 2011, Allen Lee Rodriguez ("Plaintiff"), a prisoner currently incarcerated

18   at the California Rehabilitation Center in Norco, California, and proceeding pro se, filed a civil

19   rights action pursuant to 42 U.S.C. § 1983.

20           On March 29, 2011, the Court dismissed the case without prejudice because Plaintiff

21   failed to pay the $350 civil filing fee required by 28 U.S.C. § 1914(a).  *See* March 29, 2011

22   Order [ECF No. 3] at 4.  The Court further found that while it would normally grant Plaintiff

23   leave to file a Motion to Proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a),

24   Plaintiff "is no longer entitled to that privilege" because he has had, while incarcerated, three

25   prior civil actions dismissed because they were frivolous, malicious, or failed to state a claim

26   upon which relief could be granted.  *Id.* at 2-4 (citing 28 U.S.C. § 1915(g)).[1]  "Pursuant to 28

27   ─────────────

28          [1] Plaintiff's three prior "strikes" are:  1) *Rodriguez v. Bobo, et al.,* Civil Case No. 10-1134 JAH
     (AJB) (S.D. Cal. Aug. 17, 2010) (Order dismissing First Amended Complaint for failure to state a claim
     pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) & 1915A(b)(1) [ECF No. 14]) (strike one); 2) *Rodriguez v.*

U.S.C. § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). Before reaching this conclusion, the Court was careful to review Plaintiff's Complaint and make an independent determination that it included "no plausible allegation" of imminent danger of serious physical injury which might except him from § 1915(g)'s three-strikes bar. *Id.* at 4 (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)).

On April 15, 2011, the Court received a one-page letter entitled, "In re correspondence dated 3-29-11" [ECF No. 6], in which Plaintiff "ask[s] that the Court grant a motion to reconsider in the administration of everything a courthouse [is] supposed to be." Despite non-compliance with the Federal Rules of Civil Procedure and the Southern District's Local Rules, the Court directed the Clerk to file Plaintiff's letter and now construes it to be a Motion for Reconsideration of its March 29, 2011 Order and Judgment. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (court must construe civil rights cases filed in pro se liberally "and must afford plaintiff the benefit of any doubt"); *Christensen v. CIR*, 786 F.2d 1382, 1384 (9th Cir. 1986) (liberally construing pro se taxpayer's motion to "place statements in the record" as a motion for leave to amend).

/ / /

/ / /

/ / /

## II.   MOTION FOR RECONSIDERATION

### A.   Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for

---

*Silberman, et al.,* Civil Case No. 10-2201 MMA (RBB) (S.D. Cal. Jan. 13, 2011) (Order dismissing First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b) [ECF No. 5]); and (S.D. Cal. Feb. 22, 2011 Order denying reconsideration [ECF No. 9]) (strike two); and 3) *Rodriguez v. Towery, et al.,* Civil Case No. 11-0152 JAH (WVG) (S.D. Cal. March 22, 2011 Order dismissing action as frivolous pursuant to 28 U.S.C. § 1915A(b) [ECF No. 4]) (strike three).

1   reconsideration.[2]  However, where a ruling has resulted in a final judgment or order, a request

2   for reconsideration may be considered a motion to alter or amend judgment pursuant to

3   FED.R.CIV.P. 59(e), or a motion for relief from judgment pursuant to FED.R.CIV.P. 60(b).

4   *School Dist. No. 1J Mulnomah Co. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  A

5   motion under Rule 59(e), "must be filed no later than 28 days after the entry of the judgment,"

6   FED.R.CIV.P. 59(e), "should not be granted absent highly unusual circumstances," *Herbst v.*

7   *Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), and is appropriate only if the district court "(1) is

8   presented with newly discovered evidence, (2) committed clear error or the initial decision is

9   manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft*,

10   375 F.3d 805, 807 (9th Cir. 2004) (citing *School Dist. No. 1J*, 5 F.3d at 1263).  Similarly, under

11   Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within

12   a "reasonable time," but usually must be filed "no more than a year after the entry of the

13   judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c)(1).  Reconsideration under

14   Rule 60 may be granted only in the case of: (1) mistake, inadvertence, surprise or excusable

15   neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the

16   judgment has been satisfied; or (6) for any other reason that justifies relief.  FED.R.CIV.P. 60(b).

17   *School Dist. No. 1J* , 5 F.3d at 1262.

18       Under both Rule 59 and 60, reconsideration is left to the sound discretion of the district

19   court, *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003), and "is not a substitute for

20   appeal." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1980).

21   / / /

22       **B.      Discussion**

23       Plaintiff's letter was filed within 28 days of the Court's March 29, 2011 Order, thus, the

24

25   ───────────────

26       [2] However, Southern District of California Local Rule 7.1 does permit them.  Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D.

27   CAL. CIVLR 7.1(i).  The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."

28   *Id.*  Local Rule 7.1(i)(2), however, like FED.R.CIV.P. 59, only permits motions for reconsideration within "twenty -eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."

1   Court will consider his request for reconsideration pursuant to both Local Rule 7.1(i) and

2   FED.R.CIV.P. 59.  In his letter, the Plaintiff claims that "everything [he] ha[s] received from this

3   court has been nothing more than a manipulative interpretation of law exercised in [his] case to

4   discourage [him] from pursuing [his] claims and producing knowingly [u]njust results."  Pl.'s

5   Mot. [ECF No. 6] at 1.  Plaintiff further accuses a judge of "lying" and "making [a] false ruling

6   to protect corrupt officers and public defenders who are responsible" for his current term of

7   incarceration.  *Id.*

8        While Plaintiff claims he "can't believe what [he] [is] seeing from federal judges and a

9   court of law," *id.,* he does not argue that this Court erred in any way specific way when it

10  dismissed his case for failing to pay the $350 filing fee required by 28 U.S.C. § 1914(a), or

11  denied him an opportunity to proceed IFP pursuant to 28 U.S.C. § 1915.  For example, Plaintiff

12  does not claim to have actually *paid* the $350 filing fee; nor does he claim the Court mistakenly

13  considered any of his previous cases to be "strikes" pursuant to 28 U.S.C. § 1915(g).  Instead,

14  Plaintiff merely casts aspersions upon the integrity of the judicial system, "corrupt officers,"

15  "lying" investigators, and the "irresponsible" public defenders charged with defending him in

16  his underlying criminal case.  *See* Pl.'s Mot. at 1.  These types of unsupported accusations,

17  however, do not provide the Court with any newly discovered evidence, show clear error or

18  manifest injustice; nor do they identify any intervening change in controlling law which would

19  justify reconsideration of its March 29, 2011 Order.  *See Nunes*, 375 F.3d 807; *School Dist. No.*

20  *1J*, 5 F.3d at 1263.

21  **III.   CONCLUSION AND ORDER**

22       Accordingly, Plaintiff's Motion for Reconsideration of this Court's March 29, 2011 Order

23  and Judgment [ECF No. 6] is DENIED.

24  DATED:  May 2, 2011

25

26  **WILLIAM Q. HAYES**
    United States District Judge

27

28